IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2014 MAR 12 PM 2:15

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

MICHAEL A. COLLINS

    Plaintiff,

V.

TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC, and EQUIFAX INFORMATION SERVICES LLC, individually

    Defendant(s)

)14 - CV - 00742

Civil Action No.

JURY TRIAL DEMANDED

## COMPLAINT

### I. Preliminary Statement

1. This is an action for damages brought by an individual consumer, against Trans Union, LLC, Experian Information Services, LLC, and Equifax Information Services LLC, separately and individually for violations of the Fair Credit Reporting Act (hereinafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq*; Colorado Consumer Protection Act "CCPA" C.R.S. §6-1-101 *et seq*; Negligence; Negligent Misrepresentation. Collins seeks economical and none-economical damages and losses against each Defendant, separately and individually for their separate and individual conduct.

### II. The Parties

2. Plaintiff Michael A. Collins ("Plaintiff" or "Collins") is an adult individual residing in Aurora Colorado.

3. Defendant Trans Union, LLC, ("Defendant" or "Trans Union") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District. Its principal place of business is 555 W Adams St, Chicago, IL 60661, and it is incorporated in Delaware.

4. Defendant Experian Information Solutions, Inc., ("Defendant" or "Experian") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District. Its principal place of business is 475 Anton Boulevard, Costa Mesa, CA 92626, and it is incorporated in Ohio.

5. Defendant Equifax Information Services, LLC, ("Defendant" or "Equifax") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District. Its principal place of business is 1550 Peachtree St NW, Atlanta, GA 30309, and it is incorporated in Georgia.

### III. Jurisdiction & Venue

6. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

7. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### IV. Factual Allegations

8. The Defendants have been reporting erroneous, false, misleading, derogatory and inaccurate statements and information ("hereafter the "inaccurate information") relating to Collins and Collins's credit history to third parties from at least March 2012 through the present, unfortunately the Defendants have been reporting the same or similar erroneous information since about 2005 or 2006 which constitutes a continuous violation of the FCRA.

9. On many different occasions Collins has disputed the inaccurate information contained in his credit reports with Trans Union, Experian and Equifax to no avail, with the last of such disputes sometime in or around 2013.

- The dates of dispute for Trans Union include, but are not limited to: December 6, 2013 [Exhibit No. 1]; November 25, 2013 [Exhibit No. 2]; May 24, 2012 [Exhibit No. 3]; December 5, 2012 [Exhibit No. 4]; August 17, 2012 [Exhibit No. 5]; February 9, 2012 [Exhibit No. 6]; May 30, 2011 [Exhibit No. 7]; May 11, 2011 [Exhibit No. 8]; April 18, 2011 [Exhibit No. 9]; November 10, 2010 [Exhibit No. 10]; November 1, 2010 [Exhibit No. 11]; September 25, 2010 [Exhibit No. 12]; September 2, 2010 [Exhibit No. 13]; August 7, 2010 [Exhibit No. 14]; May 9, 2010 [Exhibit No. 15]; March 30, 2010 [Exhibit No. 16]; January 5, 2010 [Exhibit No. 17]; December 9, 2009 [Exhibit No. 18]; December 8, 2009 [Exhibit No. 19]; October 6, 2009 [Exhibit No. 20]; July 17, 2009 [Exhibit No. 21]; August 16, 2012 [Exhibit No. 22]; December 12, 2005 [Exhibit No. 23]; and December 5, 2005 [Exhibit No. 24].

- The dates of dispute for Experian include, but are not limited to: December 6, 2013 [Exhibit No. 25]; November 27, 2013 [Exhibit No. 26]; May 31, 2013 [Exhibit No. 27]; June 29, 2012 [Exhibit No. 28]; August 17, 2012 [Exhibit No. 29]; August 14, 2012

[Exhibit No. 30]; July 27, 2012 [Exhibit No. 31]; June 15, 2012 [Exhibit No. 32]; May 24, 2012 [Exhibit No. 33]; March 25, 2012 [Exhibit No. 34]; February 9, 2012 [Exhibit No. 35]; May 18, 2011 [Exhibit No. 36]; April 18, 2011 [Exhibit No. 37]; November 10, 2010 [Exhibit No. 38]; November 1, 2010 [Exhibit No. 39]; September 24, 2010 [Exhibit No. 40]; March 18, 2010 [Exhibit No. 41]; March 5, 2010 [Exhibit No. 42]; December 29, 2009 [Exhibit No. 43]; December 9, 2009 [Exhibit No. 44]; December 8, 2009 [Exhibit No. 45]; October 6, 2009 [Exhibit No. 46]; July 17, 2009 [Exhibit No. 47]; December 12, 2005 [Exhibit No. 48]; and December 5, 2005 [Exhibit No. 49].

- The dates of dispute for Equifax include, but are not limited to: December 6, 2013 [Exhibit No. 50]; December 5, 2012 [Exhibit No. 51]; November 10, 2012 [Exhibit No. 52]; October 29, 2012 [Exhibit No. 53]; September 14, 2012 [Exhibit No. 54]; August 17, 2012 [Exhibit No. 55]; August 2, 2012 [Exhibit No. 56]; July 27, 2012 [Exhibit No. 57]; May 24, 2012 [Exhibit No. 58]; February 9, 2012 [Exhibit No. 59]; October 3, 2011 [Exhibit No. 60]; May 27, 2011 [Exhibit No. 61]; April 12, 2011 [Exhibit No. 62]; November 10, 2010 [Exhibit No. 63]; November 1, 2010 [Exhibit No. 64]; September 24, 2010 [Exhibit No. 65]; March 18, 2010 [Exhibit No. 66]; March 5, 2010 [Exhibit No. 67]; November 9, 2009 [Exhibit No. 68]; November 9, 2009 [Exhibit No. 69]; October 6, 2009 [Exhibit No. 70]; July 17, 2009 [Exhibit No. 71]; March 15, 2009 [Exhibit No. 72]; August 16, 2008 [Exhibit No. 73]; December 12, 2005 [Exhibit No. 74]; and December 5, 2005 [Exhibit No. 75].

10. The inaccurate information includes, but is not limited to, accounts with Applied Bank, Bank of America Home Loans, Household Finance, HSBC Bank, HSBC Bank, United Resource Systems, Alpine Credit, Bonded Collect Services, Wakefield & Associates, Accounts Receivables Management, HSBC Auto Finance, CCB Incorporated, Midland Credit Management, Professional Recovery Service, Washington Mutual, National Credit Systems, NCO Fin/35, Allied Interstate and Amchek Collections and other personal information.

11. The inaccurate information negatively reflects upon Collins, Collins's credit repayment history, Collins's financial responsibility as a debtor and Collins's credit worthiness.

12. The Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown from at least March 2012 through the present, unfortunately the Defendants have been reporting the same or similar erroneous information since about 2006 or 2005.

13. Collins has disputed the inaccurate information with Trans Union, Experian and Equifax to their representatives and by following Trans Union, Experian and Equifax's established procedures for disputing consumer credit information.

14. The Defendants knows that third party creditors use a credit score in order to process a given credit application and many third party creditors require a credit score. The Defendants

know that consumers without credit scores or indicate credit scores are unable to secure any credit from most, if not all credit furnishers. The Defendants profit from the sale of consumer reports.

15. Notwithstanding Collins's efforts, Trans Union, Experian and Equifax have sent Collins correspondence indicating their intent to continue publishing the inaccurate information and Trans Union, Experian and Equifax continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Trans Union, Experian and Equifax have repeatedly published and disseminated consumer reports to such third parties from at least March 2012 through the present, unfortunately the Defendants have been reporting the same or similar erroneous information since about 2006 or 2005.

16. Despite Collins's efforts, Trans Union, Experian and Equifax have never: (1) contacted Collins to follow up on, verify and/or elicit more specific information about Collins's disputes; (2) contacted all third parties that would have relevant information concerning Collins's disputes; (3) forwarded any relevant information concerning Collins's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

17. Was also told that I would be provided with the name and direct number of a person I could contact when I had questions or concerns regarding my credit report never happened.

18. Despite Collins's exhaustive efforts to date, the Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to follow procedures that would correct the inaccurate information and permanently remove the inaccurate information from Collins's credit file and report.

19. Despite Collins's exhaustive efforts to date, the Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about Collins.

20. Collins has applied for and has been denied various loans and extensions of consumer credit on many different occasions, and Collins has been informed that the basis for these denials was the inaccurate information that appears on Collins's credit reports and that the inaccurate information was a substantial factor for those denials. In the alternative Collins has reframed from apply for credit because he knew that he would be denied credit from past experiences, where he has been informed that the basis for these denials was the inaccurate information that appears in his credit reports and that the inaccurate information would be a substantial factor for denial.

21. Collins's credit reports and file have been obtained from the Defendants and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Collins from receiving credit offers and opportunities, known and unknown. Collins's credit reports have been obtained from the Defendants by such third parties from at least March 2012 through the present, unfortunately the Defendants have been reporting the same or similar erroneous information since about 2006 or 2005.

22. The Defendants conduct was willful or wantonly negligent purposefully and recklessly committed, which conduct subjected Collins to an unreasonable risk of injury, placing him in the "zone of danger." Because the Defendants did not follow reasonable procedures to assure maximum possible accuracy of the information when they prepared a consumer report concerning Collins the individual about whom the report relates. The Defendants knew or should have known that the information it was publishing was in fact inaccurate but chose to publish it anyway causing Collins harm. The Defendants knew or should have known that

23. The reporting agencies willfully or negligently failed to comply with the requirements of the Act and that, as a result, Collins suffered injury to a legally protected interest.

24. As a result of the Defendants' conduct, Collins has suffered actual damages in the form of (a) economic losses (b) lost credit opportunities, (c) injury to credit rating and reputation, the complete loss of his credit score, and (d) mental pain and anguish, including humiliation and embarrassment, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

25. At all times pertinent hereto, the Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

26. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Collins.

27. The conduct of Trans Union, Experian and Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Collins that are outlined more fully above and, as a result, Trans Union, Experian and Equifax are liable to Collins for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### First Claim for Relief - Violations of the FCRA
### Trans Union, Experian and Equifax

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. At all times pertinent hereto, Trans Union, Experian and Equifax were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

30. At all times pertinent hereto, Collins was a "consumer" as that term is defined by 15 U.S.C. §§ 1681a(c).

31. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

32. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Trans Union, Experian and Equifax are separately and individually liable to Collins for engaging in the following conduct:

33. by willfully and/or negligently failing to delete incomplete or inaccurate information in Collins's credit file after conducting a reinvestigation, in violation of § 1681i(a) of the Act;

34. by willfully and negligently failing to delete accounts placed for collection or charged to profit and loss which antedate the report by more than seven years, in violation of 15 U.S.C. § 1681c(4) of the Act;

35. by willfully and negligently failing to delete any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years, in violation of 15 U.S.C. §1681c(5) of the Act;

36. by willfully and negligently failing to employ and follow reasonable procedures to assure that reports are sold only for legitimate "permissible purposes," in violation of 15 U.S.C. § 1681e(a) of the Act;

37. by willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Collins's credit report, information and file, in violation of 15 U.S.C. § 1681e(b) of the Act;

38. by willfully and negligently failing to disclose to Collins all information in Collins's credit file and the source of the information, in violation of 15 U.S.C. § 1861g(a) of the Act;

39. by willfully and/or negligently failing to clearly and accurately disclose to the consumer the sources of the information, in violation of 15 U.S.C. § 1681g(2) of the Act;

40. by willfully and/or negligently failing to timely and properly reinvestigate the inaccurate information after receiving notice of the dispute from Collins and to timely delete incomplete or inaccurate information, in violation of 15 U.S.C. § 1681i(a) of the Act;

41. by willfully and/or negligently failing to timely provide notification of the dispute to any person who provided any item of information in dispute and failing to include all relevant information regarding the dispute that the agency has received from the consumer or reseller, in violation of 15 U.S.C. § 1681i(a)(2)(A) of the Act;

42. by willfully and/or negligently failing to timely provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer in violation of 15 U.S.C. § 1681i(a)(2)(B) of the Act;

43. by willfully and/or negligently failing to timely provide notification of the reasons for the determination under subparagraph (A); and identification of any information required to investigate the disputed information, in violation of 15 U.S.C. § 1681i(a)(3)(C) of the Act;

44. by willfully and/or negligently failing to contact the sources suggested by Plaintiff during reinvestigation, in violation of § 1681i(a)(4) of the Act;

45. by willfully and/or negligently failing to consider all relevant information sent by consumer in accordance with § 1681i(a)(4) of the Act;

46. by willfully and negligently failing to employ and maintain reasonable procedures designed to prevent the reappearance in a consumer's file, and in consumer reports on the consumer, of information that is deleted pursuant to this paragraph, in violation of 15 U.S.C. § 1681e(a)(5) of the Act;

47. by willfully and/or negligently failing to provide a consumer statement of dispute and notification of consumer dispute in subsequent consumer reports, in violation of 15 U.S.C. § 1681e(b) & (c) of the Act; and

48. by willfully and/or negligently failing to clearly and accurately disclose to the consumer the sources of the information, in violation of § 1681g(2) of the Act.

## VI. Jury Trial Demand

49. Collins demands trial by jury on all issues so triable.

## VII. Prayer for Relief

**WHEREFORE**, Plaintiff Michael A. Collins seeks judgment in Collins's favor and economical and none-economical damages against Trans Union, Experian, and Equifax, separately and individually for their separate and individual conduct, based on the following requested relief:

A. credit scores placed in the position they would have been if not for the above conduct;

B. Actual damages in an amount to be determined at trial;

C. Non-economic damages in an amount to be determined at trial;

D. Statutory damages as provided at state or federal law

E. Treble damages pursuant to statute;

F. Prejudgment and post-judgment interest on any award of damages at the highest rate to the extent permitted by law;

G. Costs of this action;

H. Reasonable attorney fees; and

I. Such other and further relief as this court may deem appropriate.

Dated this 12th day of March, 2014

Respectfully submitted,

By: _____
Michael A. Collins, pro se

- 8 -