IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-00742-BNB

MICHAEL A. COLLINS,

Plaintiff,

v.

TRANS UNION, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES LLC, and
LEXISNEXIS RISK DATA RETRIEVAL SERVICES LLC, individually,

Defendants.

_____

**ORDER**
_____

This matter arises on the following:

(1)    Plaintiff's **Motion for Clarification of This Court's Order** [Doc. # 28, filed

8/18/2014] (the "Motion for Clarification"); and

(2)    Plaintiff's **Motion to File Documents Under Seal** [Doc. # 30, filed 8/18/2014]

(the "Motion to Restrict").

### 1. Motion for Clarification

The plaintiff argues in support of the Motion for Clarification:

> 3. On August 7, 2014, this Court issued an order granting the Stipulation of Dismissal of Motion for Temporary Restraining Order or Preliminary Injunction [Docket No. 21], denying the Motion for Temporary Restraining Order as moot.
>
> 4. However, Collins agreed to dismiss the motion for temporary restraining order against Trans Union and Experian *only*, the motion still stands against Equifax and LexisNexis.

Motion for Clarification [Doc. # 28] at ¶¶3-4 (original emphasis).

The plaintiff's argument is belied by the record. In particular, the Stipulation of Dismissal of Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction [Doc. # 21], which is signed by the plaintiff, states:

> Plaintiff now contends the issues contained in his Motion for Temporary Restraining Order [or] Preliminary Injunction as to Defendant Trans Union and Experian are moot. Therefore Plaintiff, Trans Union, and Experian file this Stipulation **to Dismiss Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction**.

Id. at pp. 1-2 (emphasis added). In addition, the form of order proposed by the parties states: "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that **Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction is dismissed from this action**." Proposed Order [Doc. # 21-1].

Neither the Stipulation of Dismissal [Doc. # 21] nor the proposed form of order [Doc. # 21-1] indicates any intention to dismiss the Motion for Temporary Restraining Order or Preliminary Injunction as to some parties and not all. The Minute Order [Doc. # 23] is clear, unambiguous, and grants precisely the relief requested.

## 2. Motion to Restrict

The Motion to Restrict [Doc. # 30] evidences a lack of understanding of the operation of D.C.COLO.LCivR 7.2. The plaintiff requests an order restricting access to "the exhibits to the Verified Complaint and Amended Verified Complaint," but no exhibits are attached to those documents, nor have any been filed separately. See Doc. ## 1, 7.[1] There are, however,

---

[1] The plaintiff states that he "has attached the documents to be restricted to this Motion on a DVD+R," but none was received.

2

references to exhibits contained in the pleadings. Apparently the plaintiff has improperly withheld filing the referenced exhibits until he obtains an order restricting access to them.

Rule 7.2(e), D.C.COLO.LCivR, provides the procedure to be used when filing documents which are the subject of a motion to restrict access:

> A document subject to a motion to restrict shall be filed as a restricted document and shall be subject to restriction until the motion is determined by the court. If a document is filed as a restricted document without an accompanying motion to restrict, it shall retain a Level 1 restriction for fourteen days. If no motion to restrict is filed within such time period, the restriction shall expire and the document shall be open to public inspection.

The procedure set out in the local rule is important. It is not possible for me to make an informed decision about whether restricted access is appropriate in the abstract; that decision is possible only after review of the purportedly sensitive document.[2]

IT IS ORDERED:

(1) The Motion for Clarification [Doc. # 28] is DENIED; and

(2) The Motion to Restrict [Doc. # 30] is DENIED pending compliance with D.C.COLO.LCivR 7.2(e)

Dated August 22, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[2] In addition, the plaintiff's request that restricted documents be destroyed when the case is closed, Motion to Restrict [Doc. # 30] at ¶3, is outside the contemplation of local rule 7.2. Instead, restricted documents continue to exist in the court's CM-ECF system under restriction.