IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-00742-RBJ-BNB

MICHAEL A. COLLINS,

Plaintiff,

v.

TRANS UNION, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES LLC, and
LEXISNEXIS RISK DATA RETRIEVAL SERVICES LLC, individually,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDER**
_____

This matter arises on:

(1)   **Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction** [Doc. # 35, filed 9/4/2014] (the "Motion for Preliminary Injunction");

(2)   **Motion to File Documents Under Seal** [Doc. # 39, filed 9/8/2014] (the "First Motion to Restrict Access"); and

(3)   **Motion to File Documents Under Seal** [Doc. # 41, filed 9/10/2014] (the "Second Motion to Restrict Access").

I held a hearing on the motions this morning and made rulings on the record, which are incorporated here.

For the reasons stated on the record, I respectfully RECOMMEND that the Motion for

Preliminary Injunction [Doc. # 35] be DENIED.[1]

Further, IT IS ORDERED:

(1)     The plaintiff's tendered exhibits to the Amended Verified Complaint are REFUSED and the tendered CD and box of conventionally filed exhibits are returned to the plaintiff.

(2)     The First Motion to Restrict Access [Doc. # 39] is DENIED.  The First Motion to Restrict Access requests restriction of exhibits attached to the Amended Verified Complaint and the plaintiff's response to LexisNexis' Motion to Dismiss.  The exhibits attached to the Amended Verified Complaint have been refused and returned to the plaintiff.  The exhibits attached to the Response contain only partial account numbers and Social Security numbers.  Consequently, no adequate basis to restrict access exists.  Docs. ## 40, 40-1 and 40-2 shall be open to public inspection.

(3)     The Second Motion to Restrict Access [Doc. # 41] is DENIED as moot.  The Second Motion to Restrict Access requests restriction of exhibits attached to the Amended Verified Complaint.  Those exhibits have been refused and returned to the plaintiff.

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.   A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated October 14, 2014.

                                         BY THE COURT:

                                         s/ Boyd N. Boland
                                         United States Magistrate Judge