IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| MICHAEL COLLINS, | ) | CASE NO. 1:14-cv-742-RBJ-BNB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRANSUNION, LLC., ~~et al.~~, | ) | |
| **EXPERIAN INFORMATION SOLUTIONS,** | ) | |
| **INC., and** | ) | |
| **EQUIFAX INFORMATION SERVICES,** | ) | |
| **LLC,** | | |
| | | |
| Defendants. | | |

_____

### STIPULATED PROTECTIVE ORDER ~~AND APPROVED CONFIDENTIALITY AGREEMENT~~

_____

WHEREAS, Plaintiff Michael Collins ("Plaintiff"), Non-Party LexisNexis Risk Data Retrieval Services LLC ("LNRDRS"), and Defendants TransUnion, LLC, Experian Information Solutions, Inc., Equifax Information Services, LLC (individually, the "Party," and collectively, the "Parties"), individually or through their counsel, recognize that pursuant to discovery or otherwise during the course of the above-captioned lawsuit, LNRDRS may be required to disclose trade secrets and other confidential research, development, marketing, or proprietary commercial information within the meaning of Fed. R. Civ. P. 26(c) ("Confidential Information");

WHEREAS the Parties, individually or through counsel, have stipulated to entry of this Stipulated Protective Order ("Protective Order") pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such Confidential Information and materials; and

WHEREAS the Parties agree that this Protective Order shall be effective and binding throughout all proceedings relating to this Action, shall apply to all discovery in this Action to the extent that it pertains to LNRDRS.

IT IS ORDERED AS FOLLOWS:

1.  All information that has been provided by LNRDRS in the course of this Action or will be produced by LNRDRS in the course of this Action shall be used solely for the purpose of preparation and trial of this Action and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Protective Order.

2.  LNRDRS, in producing, using or disclosing ("producing party") information or documents (as defined by Fed. R. Civ. P. 34(a)) or any summaries or compilations derived there from, including but not limited to response to subpoenas, productions of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, exhibits, and all other discovery, regardless of format ("Discovery Material"), may designate the Discovery Material produced, used or disclosed in connection with this lawsuit as "CONFIDENTIAL" subject to the protections and requirements of this Protective Order, if so designated in writing to the other parties, or orally if recorded as part of a deposition, pursuant to the terms of this Protective Order.  Discovery Material that a producing party in good faith believes constitute, contain, or refer to i) information that is not generally available to or

accessible by the general public, or that is to be kept confidential due to preexisting obligations, or ii) trade secrets or other confidential research, development, business, or financial information, or other confidential commercial information, and that, if disclosed to a business competitor, would tend to damage the producing party's competitive position, may be designated as "CONFIDENTIAL."

    3.  LNRDRS may designate Discovery Material as "CONFIDENTIAL," provided that LNRDRS's attorney has reviewed the Discovery Material and the reviewing person has a good faith belief that the information in the document is entitled to protection based upon some form of privacy interest, confidentiality interest, trade secret interest, or privilege. The signature of LNRDRS's attorney on a letter or discovery response shall constitute the signatory's certification that he or she has complied with the above requirements with respect to any documents disclosed or produced with that letter or discovery response that are marked confidential.

    **3A.**  **A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as**

**CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.**

4. Any Discovery Material designated as "CONFIDENTIAL" shall be maintained as confidential, not to be disclosed, and shall be used by the Party or Parties receiving such Discovery Material ("Receiving Party") solely in connection with this Action and shall not be disclosed to anyone other than:

   a. The Court, including court personnel, any court exercising appellate jurisdiction over this lawsuit, and stenographers transcribing a deposition;

   b. Outside counsel of record who are signatories to this Protective Order for a receiving party and employees of such attorneys and law firms to whom it is necessary that the material be shown for purposes of this lawsuit;

   c. Actual independent technical experts, consultants, investigators, or advisors of a receiving party, who are qualified by knowledge, skill, experience, training or

       education and retained by outside counsel to assist in the preparation or trial of this lawsuit and to whom it is necessary that the information be disclosed, and who have signed a Declaration in the form of Exhibit A, attached;

  d. Document contractors, electronic discovery contractors, exhibit contractors, graphic art contractors and jury consultants who are engaged by outside counsel to assist in the preparation or trial of this lawsuit and to whom it is necessary that the material be shown for purposes of this lawsuit, and who have signed a Declaration in the form of Exhibit A, attached; and

  e. Persons testifying in deposition to the extent the Discovery Material was authored by or addressed to the person testifying or such person is established as knowledgeable of such information or contents of the Discovery Material prior to disclosing the Discovery Material.

  .In the case of a document or thing, a designation of "CONFIDENTIAL" shall be accomplished by marking every page of the document or conspicuously marking the thing with the appropriate legend "CONFIDENTIAL" in a manner that shall not interfere with the legibility of the information contained in the Discovery Material.

      6.      As set forth in this paragraph and its subparts, information conveyed or discussed in testimony at a deposition shall be subject to this Protective Order, provided that it is designated as "CONFIDENTIAL" orally or in writing either at the time of the deposition or after receipt by the Parties of the transcript, as provided in this Protective Order.

        a.      For such time as any Discovery Material designated "CONFIDENTIAL" are disclosed in a deposition, LNRDRS shall have the right to exclude from attendance at that portion of the deposition any person who is not entitled to receive such information or document pursuant to this Protective Order.

        b.      In the event that a party believes that "CONFIDENTIAL" information will be disclosed during a deposition, counsel for LNRDRS may designate on the record that all or specific portions of the deposition transcript, and the information contained therein, is to be treated as "CONFIDENTIAL."

        c.      LNRDRS shall have thirty (30) days after receiving a copy of the deposition transcript in which to designate all or specific portions of the transcript as "CONFIDENTIAL," as appropriate. If, within such thirty (30) days, no party designates in writing certain portions of the transcript as "CONFIDENTIAL," all parties shall be permitted to use such portions of the transcript and the information contained therein with no restrictions of

       confidentiality.

    d. Any transcript containing material designated as "CONFIDENTIAL," including exhibits thereto, shall be marked on its cover as "CONFIDENTIAL," and the portions of the transcript or exhibits reflecting such information shall be stamped "CONFIDENTIAL," and access thereto shall be limited pursuant to the terms of this Protective Order.

    e. If any Discovery Material received by Plaintiff from LNRDRS is conveyed or discussed in any deposition proceeding, Plaintiff shall, within three (3) business days of the deposition, send all Discovery Materials discussed to LNRDRS so that counsel for LNRDRS may make the decision as to whether to designate the Discovery Materials as "CONFIDENTIAL." Plaintiff shall also send a copy of the deposition transcript to LNRDRS within three (3) business days of receiving the transcript so that counsel for LNRDRS may make the decision as to whether to designate portions of the deposition as "CONFIDENTIAL."

  6. In the case of expert reports, if any Discovery Material designated "CONFIDENTIAL" pursuant to this Protective Order is specifically identified in, paraphrased, or attached to an expert's report, then the report shall be marked on its cover as "CONTAINS CONFIDENTIAL INFORMATION," the portion of the report reflecting such information shall

be stamped "CONTAINS CONFIDENTIAL INFORMATION," and access to the portion so designated shall be limited pursuant to the terms of this Protective Order. The Party retaining the expert shall be responsible for the initial stamping of such report.

      7.  **Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.** ~~In the event that Plaintiff wishes to submit "CONFIDENTIAL" Discovery Material to the Court, all "CONFIDENTIAL" Discovery Material in any affidavits, motions, briefs, memoranda, or other papers shall be designated as "CONFIDENTIAL," and, if necessary, such Party shall move the Court to permit leave to file such material under seal. Nothing in this subsection shall be construed to permit the parties to decide what is filed under seal, as that is within the sole province of the Court.~~

      8.  Nothing in this Protective Order shall be construed to restrict the use or disclosure of "CONFIDENTIAL" Discovery Material at trial or any other court proceeding; provided, however, that the use or disclosure of "CONFIDENTIAL" Discovery Material at trial or any other court proceeding shall be addressed by this Court at the appropriate time. Plaintiff and counsel for LNRDRS agree to confer in good faith about procedures for handling Discovery Material designated "CONFIDENTIAL" during trial or any hearing in open Court of this action, including the possibility of an additional order.

      9.  The failure of LNRDRS to designate Discovery Material as "CONFIDENTIAL" in accordance with this Order, and the failure of a receiving party to object to such a designation, shall not preclude LNRDRS at a later time from subsequently designating or objecting to the designation of such Discovery Material as "CONFIDENTIAL."

10. Unless otherwise permitted, within sixty (60) days after the conclusion of this lawsuit, including all appeals therefrom, all documents designated as "CONFIDENTIAL" all copies of documents designated as "CONFIDENTIAL," and all excerpts therefrom in the possession, custody or control of the receiving parties, and their experts, investigators, advisors, or consultants shall be returned to counsel for the producing party. However, outside counsel may retain pleadings, attorney and consultant work product, and depositions for archival purposes only; those materials shall not be disclosed to anyone. Upon request, a party and its counsel shall separately provide written certification to the producing party that the actions required by this paragraph have been completed.

11. Notwithstanding anything in this Protective Order to the contrary, the confidentiality obligations of this Protective Order shall not prohibit the disclosure by any Party of any Discovery Material required to be disclosed by any law, regulation, order, or rule of any governmental authority; provided, however, that if Plaintiff is required to disclose the Discovery Material designated as confidential pursuant to any law, regulation, order, or rule of any governmental authority, Plaintiff shall give immediate advance written notice of any such requested disclosure to the counsel of LNRDRS and the Defendants to afford LNRDRS the opportunity to seek legal protection from the disclosure of such Discovery Material.

12. In the event that any Discovery Material designated as "CONFIDENTIAL"" is disclosed, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then the party who disclosed the Discovery Material ("disclosing party") shall use its best efforts to bind such person to the terms of this Protective

Order; and the disclosing party shall (a) promptly inform such person of all the provisions of this Protective Order; (b) identify such person immediately to the party or nonparty that designated the document as "CONFIDENTIAL;" and (c) request such person to sign a Declaration in the form of Exhibit A.  The executed Declaration shall be promptly served upon the party or nonparty designating the Discovery Material as "CONFIDENTIAL."

13. The inadvertent production or disclosure of any document (including but not limited to e-mail or other electronic documents) or thing otherwise protected by the attorney-client privilege or work-product protection (as defined by Fed. R. Evid. 502(g)) ("Disclosed Protected Information") shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the producing party would otherwise be entitled to assert with respect to the Disclosed Protected Information or its subject matter.  The producing party shall assert in writing the attorney-client privilege or work product protection with respect to the Disclosed Protected Information.  The receiving party shall, within five (5) business days of receipt of that writing, return or destroy the Disclosed Protected Information and any and all copies thereof or references thereto and provide a certification of counsel that all such Disclosed Protected Information has been returned or destroyed.

    a. If the receiving party disputes and wishes to contest that any such Disclosed Protected Information was inadvertently produced or is protected by the attorney-client privilege or by work-product immunity, the receiving party shall so notify the producing party in

        writing when the Disclosed Protected Information (and all copies) are returned to the producing party.

b. Within fifteen (15) days after receiving such notification, the producing party shall provide to the receiving parties a list identifying all such returned Disclosed Protected Information and stating the basis for the claim of privilege or immunity.

c. Within fourteen (14) days of receiving such a list, the receiving party or parties may file a motion to compel production of such Disclosed Protected Information, the protection of which is still disputed (a "Privilege Motion"). If a Privilege Motion is filed, the producing party shall have the burden of proving that the Disclosed Protected Information in dispute is protected by the attorney-client privilege or by work-product immunity. The Privilege Motion shall be filed under seal and shall not assert as a ground for compelling production the fact or circumstances of inadvertent production.

d. With respect to Disclosed Protected Information subsequently generated by a receiving party, which derivative Disclosed Protected Information contains information derived from such inadvertently produced Disclosed Protected Information, if the receiving party does not obtain an order compelling production

        pursuant to a timely filed Privilege Motion, the receiving party shall, within five (5) business days after learning of the denial of the Privilege Motion, either destroy the derivative Disclosed Protected Information or redact from them all such derivative privileged or work-product information in a manner such that the derivative privileged or work-product information cannot in any way be retrieved, inferred or reproduced.

    e.    Nothing in this paragraph shall limit a party's ability to assert to the Court that a disclosing party's affirmative use of Disclosed Protected Information in this litigation in fairness requires disclosure of privileged or work product protected information pursuant to Fed. R. Evid. 106 or 502(a).

14.    The attorneys of record for the respective Receiving Parties shall retain the original, executed Declarations (in the form of Exhibit A attached) that have been executed by any person to whom Discovery Material designated as "CONFIDENTIAL," pursuant to this Protective Order.

15.    All references to "days" in this Protective Order shall be construed as calendar days unless specifically identified as otherwise. If the last day of the period falls on a Saturday, Sunday or legal holiday, the due date is the next business day.

16.    The Parties agree to abide by and be bound by the terms of this Protective Order upon signature as if the Protective Order had been entered on that date.

17. This Protective Order may be executed in any number of counterparts, all of which, upon complete execution thereof by the Parties, collectively shall be deemed to be the original.

18. Written notice provided under this Protective Order shall be by way of regular U.S. mail and electronic mail to Plaintiff and all counsel of record for the party to whom notice is required to be given.

19. ~~In the event that anyone violates or threatens to violate the terms of this Protective Order, the Parties agree that the aggrieved Party may apply immediately to obtain injunctive relief against any such violation or threatened violation, and in the event the aggrieved Party shall do so, the respondent, subject to the provisions of this Protective Order, shall not employ as a defense that the aggrieved Party possesses an adequate remedy at law.~~

20. Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, nor shall the acceptance of any information designated pursuant to this Protective Order constitute an admission or acknowledgement that the material so designated is in fact proprietary, confidential, or a trade secret.

21. The Court shall retain jurisdiction over the parties for the purpose of ensuring compliance with this Protective Order and granting such amendments, modifications, and additions to this Protective Order and such other and further relief as may be necessary, and any party may apply to the Court at any time for an amendment, modification, or addition to this Protective Order. This Protective Order shall survive the final disposition of this lawsuit, by

judgment, dismissal, settlement, or otherwise.

22. The Parties may, by stipulation, provide for exceptions to this Protective Order and any party may seek an order of this Court modifying this Protective Order.

Dated February 3, 2015.

BY THE COURT:

s/ Boyd N. Boland

United States Magistrate Judge

Case 1:14-cv-00742-RBJ-NYW   Document 117   Filed 02/03/15   USDC Colorado   Page 15 of 20

AGREED TO IN FORM AND SUBSTANCE

s/Michael A. Collins

Michael A. Collins

P.O. Box 460276

Aurora, CO 80046-0276

Plaintiff

s/Alyson Blatney

Benton Jordan Barton
HALL & EVANS, LLC
1001 17th Street
Suite 300
Denver, CO  80202
Email:  bartonb@hallevans.com

Alyson Blatney
STRASBURGER & PRICE LLP
2801 Network Blvd., Ste. 600
Frisco, TX 75304
Email:  alyson.blatney@strasburger.com

Attorneys for Defendant
Trans Union, LLC

s/Brian P. Gaffney

Brian P. Gaffney
SNELL & WILMER, LLP-Denver
1200 17th Street
One Tabor Center, Ste. 1900Denver, CO

s/Martin A. Foos

Ronald I. Raether, Jr.

Martin A. Foos

FARUKI IRELAND & COX P.L.L.

500 Courthouse Plaza, S.W.

10 North Ludlow Street

Dayton, OH  45402

Email:  mfoos@ficlaw.com

      rraether@ficlaw.com

Gillian McKean Bidgood

POLSINELLI PC

1515 Wynkoop St., Ste. 600

Denver, CO 80202

Email:  gbidgood@polsinelli.com

Attorneys for Third Party LexisNexis Risk Data Retrieval Services LLC

s/Meredith L. Williams

Christian Shaw MonsonCAMPBELL

16

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| MICHAEL COLLINS, | ) | CASE NO. 1:14-cv-742-RBJ-BNB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRANSUNION, LLC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

_____

**STIPULATED PROTECTIVE ORDER AND APPROVED
CONFIDENTIALITY AGREEMENT**

_____

_____, declares and undertakes as follows:

1. My present employer is _____

_____

**EXHIBIT A**
1

      2.      My address is _____

_____

      3.      My present occupation or job description is _____

_____

      4.      I have received and read a copy of the Stipulated Protective Order entered by this Court in the lawsuit identified in the above caption (the "Protective Order").  I am familiar with its terms and conditions.  I agree to comply with and to be bound by each of the terms and conditions of the Protective Order and by such other orders as may be made by the Court.  In particular, I agree to hold in confidence, in accordance with the requirements of the Protective Order, any information and material disclosed to me pursuant to the Protective Order and, unless permitted by further order of the Court, not to communicate the contents of such information and material to any person other than a person permitted access pursuant to the terms of the Protective Order.

      5.      To assure my compliance with the Protective Order, I submit myself to the jurisdiction of the United States District Court for the District of Colorado for the limited purpose of any proceeding relating to the enforcement of, performance under, compliance with, or violation of the Protective Order.

      6.      I understand that I am to retain all of the materials that I receive pursuant to the Protective Order, and all copies or other reproductions made by me, for me, or at my direction, in a secure container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective Order.  I understand that all such materials are to remain in my custody until I

have completed my assigned duties, at which time they are to be returned to counsel of record for the party who provided them to me. I understand that, upon completion of my assigned duties, any materials, memoranda, work notes, or other documents derived from such materials, or containing any information provided in such materials, shall be destroyed. I understand that such destruction shall not relieve me from any of the continuing obligations of confidentiality imposed upon me by the Protective Order.

I declare under penalty of perjury that all of the above declarations are true and correct.

_____        _____
DATED                                                                SIGNATURE

**EXHIBIT A**
3