UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
DENVER DIVISION

**Civil Action No.  1:14-cv-00742-RBJ-NYW**

MICHAEL A. COLLINS,

        Plaintiff,

v.

TRAN UNION, LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.
EQUIFAX INFORMATION SERVICES
LLC, and LEXISNEXIS RISK DATA
RETRIEVAL SERVICES, LLC,

        Defendants.

## JOINT STIPULATION AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiff Michael A. Collins and Defendants Trans Union LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC (sometimes referred to collectively herein as "Parties"), through their respective attorneys and Plaintiff as follows:

Plaintiff Michael A. Collins ("Plaintiff") has filed this lawsuit (the "Litigation") against Defendants Trans Union LLC, Experian Information Solutions, Inc., and Equifax Information Services LLC ("Defendants"), alleging that Defendants are liable to Plaintiff for damages resulting from alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*  In connection with the Litigation, Plaintiff may seek discovery or testimony regarding certain of Defendants' confidential and proprietary trade secrets and other business information, and Defendants have sought discovery or testimony regarding the personal identifying information of Plaintiff (herein after collectively referred to as the "Confidential Information").

1

As a means of avoiding continued dispute with respect to any Parties' requests for the Confidential Information, the Parties have agreed to produce certain Confidential Information pursuant to the terms of this Order.

All Confidential Information shall only be utilized by the Parties in connection with the Litigation and in accordance with the terms and conditions of this Order.

The Parties ~~shall have the right to~~ <u>may</u> designate as Confidential Information any part or the whole of any answers to discovery, answers to interrogatories, answers to requests for admission, deposition transcripts, responses to production requests, documents, expert reports, disclosures, exhibits, trial or deposition testimony or other information that the Parties deem to be confidential, meaning information that the Parties in good faith deem to be private personal information—such as Social Security numbers and residential addresses—true trade secrets, or other truly proprietary and confidential information, such as the respective settlement agreements entered between Plaintiff and Defendants in previous litigation of the claims in this Litigation. ~~Any document, discovery, testimony, or other information that the Parties have designated as Confidential Information shall constitute Confidential Information, both in form and substance.~~

The Confidential Information provided by and/or designated by any of the Parties shall be used strictly in accordance with the terms in this Order.  At no time shall the Confidential Information be disclosed to or used by any person, corporation, or entity in competition with or against any of the Parties.

The Parties may designate any document, discovery, or other information as Confidential Information by an appropriate marking that prominently displays the words "Confidential" or "Confidential Information." Deposition or trial testimony can be designated by the Parties as Confidential Information.  Such designation will be made on the record if possible, but the

2

Parties can designate portions of such testimony as Confidential Information by providing written notice of such designation to the opposing Parties within thirty (30) days of receipt of the transcribed testimony by counsel. Until thirty (30) days after receipt of the transcribed testimony, such testimony shall be treated by the Parties as Confidential Information.

The Parties, their attorneys, or anyone else acting on their behalf shall take such precautions with the Confidential Information as are necessary to strictly maintain its confidentiality and comply with the terms of this Order.

Unless otherwise ordered by the Court, or agreed to in writing by the Parties, information designated by any of the Parties as Confidential Information shall not be revealed to any person or entity except: (i) the parties, their attorneys and their attorneys' support staff employees who perform work tasks related to this case; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; and (iii) expert witnesses and their staff employed for this litigation after such experts have signed the acknowledgment attached as Exhibit A; (iv) present or former employees of the producing party in connection with their depositions in this action, including witnesses produced pursuant to Fed. R. Civ. P. 30(b)(6); (v) witnesses who are deposed in this action or who are called to testify as witnesses at any hearing in this action, but only in preparation for the deposition or hearing and only as to such material in which the witness is identified as an originator, author, addressee, or recipient of the original or a copy; (vi) outside professional vendors that provide litigation support services, such as photocopying, imaging, videotaping, exhibit preparation, etc. after such vendors have signed the acknowledgment attached as Exhibit A, and (vii) the Court, Court personnel, and members of any jury impaneled to hear this case.

In the event the Parties intend to file Confidential Information with the Court <u>and limit public access to such Confidential Information</u>, they shall file it ~~under seal~~<u>a motion to restrict</u> pursuant to the requirements of Court ~~for filing documents under seal~~<u>as set forth in D.C.COLO.LCivR 7.2</u>, or else redact from the documents all Confidential Information as agreed to by the designating party.  <u>Agreement of the Parties does not substitute for compliance with D.C.COLO.LCivR 7.2.</u>

In the event a Party disagrees with the designation of Confidential Information, the Parties shall first try to resolve the disagreement in good faith on an informal basis, such as the production of redacted copies.  In the event such a dispute cannot be resolved by agreement, the receiving party may seek a ruling of the Court regarding the confidential designation.  The receiving party shall treat the materials in accordance with the designation until such time as the Court rules concerning the designation.  This Order shall govern pretrial proceedings only, and nothing set forth herein prohibits the use at trial of any Confidential Information or affects the admissibility of any evidence.  The procedures to govern the use and disclosure of Confidential Information and the redaction of any "Confidential' or "Confidential Information" designation may be the subject of further agreement of the Parties or order of the Court.

Nothing herein shall be construed as limiting a Party's use of its own Confidential Information and such use shall not constitute a waiver of the terms of this Order or the status of such information as Confidential Information.  Any of the Parties can remove their designation of Confidential Information from any information it has previously so designated.

Third parties who are the subject of discovery requests, subpoenas or depositions in this case may take advantage of the provisions of this Protective Order by providing Plaintiff and

4

Defendants with written notice that they intend to comply with and be bound by the terms of this Protective Order.

Within sixty (60) days after the final resolution of the Litigation, including any appellate proceeding, the Parties agree to return to opposing counsel the original and any copies of any Confidential Information produced.

SO ORDERED.

SIGNED this 3d day of March, 2015.

                s/ Nina Y. Wang
                **HONORABLE NINA Y WANG**
                UNITED STATES MAGISTRATE JUDGE

**AGREED:**

<u>See attached</u>
**MICHAEL A. COLLINS**
macollins@q.com
P.O. Box 460276
Aurora, CO 80046-0279
(720) 532-3729
*Pro Se Plaintiff*


<u>/s/ Brian P. Gaffney</u>
**BRIAN P. GAFFNEY**
bgaffney@swlaw.com
**SNELL & WILMER, LLP**
1200 17th Street, Suite 1900
Denver, CO 80202
(303) 634-2087
(303) 634-2020 Fax
*Counsel for Equifax Information Services LLC*

<u>/s/ Alyson V. Blatney</u>
**ALYSON V. BLATNEY**
Texas Bar No. 24066249
alyson.blatney@strasburger.com
**STRASBURGER & PRICE, LLP**
2801 Network Boulevard, Suite 600
Frisco, TX 75034
Telephone: (469) 287-3964
Fax: (469) 305-4295
and
**BENTON BARTON**
bartonb@hallevans.com
Colorado Bar No. 30760
**HALL & EVANS, LLC**
1001 Seventeenth Street, Suite 300
Denver, CO 80202
(303) 628-3300
(303) 628-3368 Fax
*Counsel for Trans Union LLC*


<u>/s/ Meredith Louise Williams</u>
**EDWARD S. CHANG**
echang@jonesday.com
**MEREDITH LOUISE WILLIAMS**
mwilliams@jonesday.com
**JONES DAY**
3161 Michelson Drive, 800
Irvine, CA 92612
(949) 851-3939
(949) 553-7539 Fax
and
**CHRISTIAN SHAW MONSON**
cmonson@cla-law.net
**CAMPBELL, LATIOLAIS & AVERBACH, LLC**
825 Logan Street
Denver, CO 80203
(303) 831-5990
*Counsel for Experian Information Solutions, Inc.*

6627630.1/SP/83057/1705/022715

## **EXHIBIT A**

The undersigned has read and understands the terms of the Agreed Protective/Confidentiality Order effective in this case, <u>Michael A. Collins v. Trans Union LLC, *et al.*</u>, Civil Action No. 1:14-cv-00742-RBJ-NYW, which is currently pending in the United States District Court for the District of Colorado, Denver Division.  The undersigned agrees (i) to abide by the terms of the Agreed Protective/Confidentiality Order; (ii) not to use or divulge, under penalty of law, any documents, materials or other information covered by the Agreed Protective/Confidentiality Order, including Confidential Information, except as permitted by the terms of the Agreed Protective/Confidentiality Order; and (iii) to submit to the jurisdiction of the United States District Court for the District of Colorado, Denver Division for resolution of any issues arising under the Agreed Protective/Confidentiality Order.


Dated: _____     Signed: _____

                                                                     Printed: _____