IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00742-RBJ-NYW

MICHAEL A. COLLINS,

    Plaintiff,

v.

TRANS UNION, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC., and
EQUIFAX INFORMATION SERVICES LLC,

    Defendants.
_____

## ORDER ON MOTION TO QUASH
_____

Magistrate Judge Nina Y. Wang

This matter is before the Court on Wakefield & Associates, Inc.'s ("Wakefield") Motion to Quash Subpoena to Produce Issued to Wakefield and Associates, Inc. ("Motion to Quash"). [#105, filed January 28, 2015]. Pursuant to the Order Referring Case dated September 18, 2014 [#50] and the memorandum dated January 29, 2015 [#106], the matter was referred to this Magistrate Judge. For the reasons addressed below, the Motion to Quash is GRANTED IN PART and DENIED IN PART.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Michael A. Collins initiated this lawsuit proceeding *pro se* on March 12, 2014, by filing a Complaint for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, as to Defendants Trans Union, LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services, LLC ("Equifax"), alleging that these Defendants had falsely reported his credit history to third parties. [#1]. The action was

assigned to Magistrate Judge Boland pursuant to the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges. [#3]. Plaintiff filed an Amended Complaint on June 26, 2014, adding LexisNexis Risk Data Retrieval Services, LLC ("LexisNexis") as a Defendant along with the following claims: violation of the FCRA as to LexisNexis; Negligence as to LexisNexis; "Invasion of Privacy by Intrusion upon Seclusion" as to LexisNexis; Emotional and Mental Distress as to LexisNexis; Negligence Per Se as to all Defendants; Negligent Misrepresentation as to Trans Union, Experian, and Equifax; False Representation as to Trans Union, Experian, and Equifax; Fraudulent Misrepresentation as to Trans Union, Experian, and Equifax; Fraud in the Inducement as to Trans Union, Experian, and Equifax; Fraudulent Concealment as to Trans Union, Experian, and Equifax; Violation of the Colorado Consumer Protection Act as to all Defendants; and a request for a Temporary Restraining Order as to all Defendants. [#7].

Equifax, Trans Union, and Experian filed Answers to the Amended Complaint on July 24, 2014 [#15, #17, and #19]. Plaintiff, Trans Union, and Experian filed a Stipulated Motion to Dismiss Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction on July 30, 2014 [#21], which Judge Boland granted on August 7, 2014. [#23]. LexisNexis filed a Motion to Dismiss the Amended Complaint on August 14, 2014. [#26]. Plaintiff filed a Response to this Motion on September 4, 2014 and filed an Amended Response eight days later. [#34, #38]. LexisNexis filed a Reply in support of its Motion to Dismiss on September 19, 2014. [#53].

On September 15, 2014, the Parties declined to consent to the jurisdiction of a United States Magistrate Judge [#46 and #47], and the case was reassigned to District Judge Jackson. [#49]. Judge Boland presided over a Scheduling Conference held October 14, 2014, at which he

ordered the Parties to complete discovery by January 30, 2015 and file dispositive motions on or before March 6, 2015.  [#69 and #70].

On November 24, 2014, with leave of court, Plaintiff filed a Second Amended Complaint ("SAC") omitting the claim for Negligence Per Se and adding Greystone Alliance, LLC ("Greystone") as a Defendant.  [#84].  Plaintiff also added the following claims as to Greystone: violations of the FCRA; violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; violation of the Colorado Consumer Protection Act; and for negligence. On December 8, 2014, Trans Union and Experian filed an Answer to the SAC [#87 and #89] and LexisNexis filed a Motion to Dismiss [#88].  Equifax filed an Answer to the SAC on December 11, 2014.  [#90].  Plaintiff and LexisNexis filed a Stipulated Motion to Dismiss the Case with Prejudice on December 31, 2014 [#98], which the court granted on January 2, 2015.  [#100].

On December 31, 2014, Plaintiff moved for Entry of Default as to Greystone.  [#97]. The Clerk of Court entered default as to Greystone on January 5, 2015.  [#101].  Plaintiff subsequently moved for default judgment on January 15, 2015 [#102], and the court set a hearing on damages.[1]  [#103 and #104].

Wakefield filed the pending Motion to Quash on January 28, 2015.  On January 30, 2015, Experian, Equifax, Trans Union, and Plaintiff filed a Joint Stipulation and Unopposed Motion for Extension of the Discovery Cut-Off for Depositions and Pending Written Discovery.  [#112]. The court granted the Motion and extended the discovery cut-off date to February 27, 2015. [#116].  On February 9, 2015, this matter was reassigned to the undersigned Magistrate Judge. [#119].

Trans Union filed an Unopposed Motion to extend the date by which to file dispositive

motions to April 28, 2015 [#120], which this court granted. [#122]. On February 18, 2015, Plaintiff filed a Motion for an Extension of Time to respond to Wakefield's Motion to Quash. [#123]. Wakefield filed a Response opposing the Motion for Extension of Time. [#124]. This court granted the Motion [#127] and Plaintiff filed his Response on February 25, 2015 [#126]. Wakefield did not file a Reply.[2]

## ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) authorizes discovery of "any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Relevancy is broadly construed, and a request for discovery should be considered if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. *See, e.g., Sheldon v. Vermonty,* 204 F.R.D. 679, 689-90 (D. Kan. 2001). When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery either does not come within the scope of relevance as defined under Rule 26(b)(1), or it is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Simpson v. Univ. of Colo.,* 220 F.R.D. 354, 359 (D. Colo. 2004) (citations omitted). This second prong reflects the principle of proportionality that is inherent in the Federal Rules, and governs all discovery. *See* Fed. R. Civ. P. 26(b)(1) and (b)(2)(C)(i)-(iii). It is incumbent upon the court to consider how much discovery is reasonable in a given case in light of the claims and defenses

---

[1] Judge Jackson awarded Plaintiff statutory damages in the amount of $1,000 against Greystone at an April 8, 2015 Evidentiary Hearing. [#142].

[2] Hereafter, I use "Defendants" to include Trans Union, Equifax, and Experian.

asserted, the significance of the discovery sought to the propounding party, and the costs and burden to the producing party. *See* Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). The Federal Rules of Civil Procedure also permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed. R. Civ. P. 26(c). Because Plaintiff is proceeding *pro se*, I afford his materials a liberal construction but do not act as his advocate. *Yang v. Archuleta,* 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

On January 15, 2015, Plaintiff served a subpoena duces tecum (the "Subpoena") on Wakefield via certified mail requesting:

> Any and all documents in your possession, custody or control relating to or concerning [Plaintiff], including your complete credit and debt collection file for Wakefield & Associates, Inc., Account No. T13Q68M619 since January 1, 2006 to date;
>
> all credit or collection referral documents, statements of account, charge-off documents, payment agreements, bills for services rendered, insurance payments receipt, insurance submissions; letters and corresponding documentation or paperwork, credit reports or credit scores reviewed or otherwise; contracts executed including assignments and any agreement between you and any debt collector, as well as all correspondence to and from [Plaintiff] or any other person and any other document in your files regarding any credit information or collection activity including credit denial letters concerning [Plaintiff] dated on or about January 1, 2006 to date;
>
> a printout of your complete computer file on Wakefield & Associates, Inc., including all screen prints, computer printouts, computer logs, collection logs, telephone contact logs, payment plans, credit reports, credit scores, account payment summaries, or any other computer information or files (along with any coding definitions necessary to ready any computer printouts) regarding [Plaintiff] dated on or about January 1, 2006 to date; and
>
> the complete paper file on Wakefield & Associates, Inc., including all correspondence, collection referral documents, charge off documents, payment agreements, bills for services rendered, insurance payments received, insurance submissions, payment histories, letters and/or corresponding documentation or paperwork, credit reports or credit scores reviewed or otherwise, contracts executed, as well as all correspondence to and from [Plaintiff] or any other person

5

>or other documents exchanged between you and [Plaintiff] or anyone acting on your behalf, dated on or about January 1, 2006 to date.

[#105-1 at 6].

Wakefield, a nonparty to this action, asks the court to quash the Subpoena for failure to comply with Federal Rule of Civil Procedure 45, as "overly broad, vague, general and non-specific," as unduly burdensome, as not relevant to Plaintiff's claims, and as confidential in nature and not likely to lead to discoverable information. [#105]. Wakefield also asks the court to enter a protective order prohibiting discovery with regard to its business records and to impose sanctions on Plaintiff including the amount of attorney fees and costs incurred in the preparation and filing of the Motion. *Id.*

Plaintiff responded that counsel for Wakefield did not attempt to meaningfully confer with him prior to filing the Motion and did not comply with numerous Local Rules of this District. [#126]. Furthermore, he argues, he notified Defendants of his "intent to serve Wakefield" with the Subpoena, certified mail constitutes acceptable service, the requested information is relevant to his claims, Wakefield did not specify how production of the documents would impose a burden, and it cannot rely on the confidential nature of documents in moving to quash the Subpoena. *Id.* Plaintiff states he is willing to reduce the time period for the production to between March 1, 2009 and February 2013. [*Id.* at ¶ 26].

Federal Rule of Civil Procedure 45(d)(3) provides that "on timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). The appropriate court may, on motion and to protect a person subject to or affected

by the subpoena, quash or modify the subpoena "if it requires (i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B). Where the subpoena requires the responding party to disclose confidential information as described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying the subpoena, "order appearance or production under specified conditions if the serving party: (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated." Fed. R. Civ. P. 45(d)(3)(C).

I find that Plaintiff satisfactorily served the Subpoena and notified Defendants of the request. On January 17, 2015, Plaintiff notified counsel for Defendants which entities he intended to serve with Rule 45 subpoenas to produce and mailed a hard copy of the notice along with a compact disc that contained the subpoenas and accompanying documents. [#126 at 16]. This constituted sufficient notice under the Rule. *See* Fed. R. Civ. P. 45(b)(1). *See also* Seigel, David D., "Practice Commentaries," C45-6 Document Production ("The notice should spell out for the parties the essentials of the directed production, so that any interested party can attend at the time and place of the discovery, review the produced documents or other things itself, and otherwise monitor the proceedings. These notices may be served on the other parties through the usual within-the-action methods of Rule 5(b) (mail to the other parties' attorneys being the most common method)").

I further find that Wakefield has not demonstrated under Rule 45(d)(3) that the Subpoena is unduly burdensome or seeks materials that are not relevant to the lawsuit. In arguing that the

Subpoena is burdensome, Wakefield states in conclusory fashion that it will be "unduly harmed and prejudiced if discovery into its processes, procedures, and business practices related to its clients and collection of outstanding accounts is allowed to proceed." [#105 at ¶ 25]. Wakefield also claims it will undergo undue burden because the requested documents span a time-period of nine years. Yet Wakefield provides no declaration or other supporting documents to demonstrate specific prejudice or harm, such as the cost it will incur or time it must spend to comply with the Subpoena, and Plaintiff agrees in his Response to narrowing the date range to four years. Furthermore, the requested materials appear relevant to Plaintiff's claims for statutory violations and common law negligence and fraud. *See* Fed. R. Civ. P. 26(b)(1) ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). Wakefield did not articulate how the documents are not relevant, or explain how the issue of relevance is so close that the potential harm occasioned by discovery outweighs the presumption in favor of broad disclosure. *Simpson*, 220 F.R.D. at 359.

Finally, Wakefield argues that a "significant portion" of the requested documents "contain proprietary business information, attorney work product, privileged and/or client information and are confidential in nature," and production of any of the requested materials would breach the terms of the Settlement Agreement entered into between Wakefield and Plaintiff on February 19, 2013. [#105 at ¶¶ 26, 27]. However, Wakefield does not expound on the confidential nature of any of the referenced documents. "Confidentiality does not equate to privilege," and thus Wakefield may not refuse to comply with the Subpoena on this basis alone. *See Stewart v. Mitchell Transport*, No. 01-2546-JWL, 2002 WL 1558210, at * 5 (D. Kan. July 11, 2002) (citations omitted). Wakefield asks in the alternative that the court enter a protective order prohibiting discovery with regard to its business records. Rule 26(c) permits the entry of a

protective order as a means to protect confidential information from disclosure to individuals or entities not connected with the litigation. While the court exercises its discretion in determining whether to enter a protective order (*see Thomas v. Int'l Bus. Mach.,* 48 F.3d 478, 482 (10th Cir. 1995)); Rule 26(c) requires that the party seeking the protective order establish "good cause" for its issuance. *Johnson v. Gmeinder,* 191 F.R.D. 638, 642 (D. Kan. 2000). "In determining whether good cause exists for the court to issue a protective order that prohibits partial or complete dissemination of documents or other materials obtained in discovery to non-parties, 'the initial inquiry is whether the moving party has shown that disclosure of the information will result in a clearly defined and very serious injury.'" *Stewart*, 2002 WL 1558210, at *5 (quoting *Zapata v. IBP, Inc.,* 160 F.R.D. 625, 627 (D. Kan. 1995) (internal quotations omitted)). Wakefield has not demonstrated that compliance with the Subpoena will cause such injury to befall. Nor does Wakefield appear to have discussed a Protective Order with Mr. Collins. Nevertheless, since the filing of the instant motion, the Parties have stipulated to, and the court has entered, a Protective Order to which Wakefield can avail itself. [#130]. Accordingly,

IT IS ORDERED that the Motion to Quash [#105] is GRANTED IN PART and DENIED IN PART:

(1) The Motion to Quash is GRANTED with respect to documents dated between January 1, 2006 and February 28, 2009;

(2) The Motion to Quash is DENIED with respect to documents dated between March 1, 2009 and February 28, 2013;

(3) Because discovery closed in this matter on February 27, 2015, it is re-opened up to and including **May 13, 2015** for the limited purpose of allowing Wakefield to produce the documents requested in the Subpoena as identified above, subject to the Protective Order

[#130], if appropriate; and

(4) The Motion to Quash is DENIED as to all other matters, Plaintiff and Wakefield shall each bear his and its own expenses.

DATED:  April 28, 2015

BY THE COURT:

s/Nina Y. Wang\
United States Magistrate Judge