IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-00742-RBJ-BNB

MICHAEL A. COLLINS,

      Plaintiff,

v.

TRANS UNION, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES LLC, and
LEXISNEXIS RISK DATA RETRIEVAL SERVICES LLC, individually,

      Defendants.

---

## ORDER

---

      This case is before the Court on motions for summary judgment filed by Trans Union, LLC and Experian Information Solutions, Inc.  Because I agree with a recommendation of the magistrate judge, I now grant the summary judgment motions and dismiss the claims against Trans Union and Experian.  Several other motions are also pending, and they are denied as moot.

## BACKGROUND

      In his Second Amended Verified Complaint, Michael A. Collins, representing himself *pro se*, asserts that several entities, mostly consumer reporting agencies, have reported false information about his credit history and have thereby caused him to sustain damages.  ECF No. 84.  In addition to Trans Union and Experian he named Equifax Information Services LLC, LexisNexis Risk Data Retrieval Services LLC, and Greystone Alliance LLC as defendants.  Equifax and LexisNexis settled with Mr. Collins, and a default judgment in the amount of $1,000 was entered against Greystone.  ECF Nos. 98, 100, 142, 204, and 209.

Mr. Collins accuses Trans Union and Experian of engaging in a pattern of inaccurate reporting that began as early as 2005 and has continued through the present time. This is his second round of litigation arising from the alleged misreporting. In 2009 he filed a suit against Equifax, Trans Union and Experian. That case was settled, but Mr. Collins now alleges that he was fraudulently induced to enter into those settlements. In the present case he asserts the following claims against Trans Union and Experian: (1) violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x; (2) negligent misrepresentation; (3) false representation; (4) fraudulent misrepresentation; (5) fraud in the inducement; (6) fraudulent concealment; and (12) violation of the Colorado Consumer Protection Act, C.R.S. §§ 6-1-101-1121.

After both defendants answered the Second Amended Complaint, Trans Union filed a motion for leave further to amend its answer by adding a counterclaim asserting that plaintiff's filing of his Second Amended Complaint constitutes a breach of his 2009 settlement agreement. ECF No. 143. The Court referred the motion to United States Magistrate Judge Nina Y. Wang. ECF No. 148. While that motion was pending, both Experian and Trans Union filed motions for summary judgment, arguing, among other things, that the claims are barred by the terms of the previous settlements. ECF Nos. 151 and 156. The Court referred the summary motions to the magistrate judge as well. ECF No. 158.

Judge Wang issued two recommendations on June 10, 2015. She first recommended that both motions for summary judgment be granted. ECF No. 177. Because of that recommendation she recommended that Trans Union's motion to amend be denied as moot, with leave to refile if any of the plaintiff's claims survive summary judgment. ECF No. 178. Mr. Collins has filed timely objections to the recommendation regarding the summary judgment

motions, ECF No. 210, and both defendants have filed responses.  ECF Nos. 223 and 226.  No objection has been filed to the recommendation regarding the motion to amend.

Shortly after the magistrate judge's recommendations were filed, Mr. Collins filed two motions to exclude evidence based upon defendants' alleged failure to comply with disclosure requirements.  ECF Nos. 179 and 180.  Responses and Replies have been filed.  ECF Nos. 200, 207, 218.  Those motions have not been referred to the magistrate judge because, if summary judgment is granted, they too would become moot.

## STANDARD OF REVIEW

The district court reviews de novo all parts of a magistrate judge's recommendation on a dispositive motion to which a proper objection has been made.  Fed. R. Civ. P. 72(b)(3).  Magistrate judge orders on non-dispositive matters are affirmed unless clearly erroneous or contrary to law.  *Id.* at 72(a).

In conducting its de novo review the Court has reviewed much of this highly litigated file, including the Second Amended Complaint; the five pending motions; Mr. Collins' responses to the motions, if any; the replies, if any; the magistrate judge's recommendations; Mr. Collins' objections to the recommendation concerning summary judgment; and the defendants responses to his objections.[1]

---

[1] Mr. Collins did not file a response to either summary judgment motion.  In fairness, he did file a motion for an extension of time to respond.  ECF No. 167.  It was denied because of the impending dates for the final pretrial conference and trial.  ECF No. 170.  He did not then file a response to the motions, but he did file an unopposed motion to continue the trial date and, again, a request for an extension of the time to respond to the summary judgment motions.  ECF No. 171.  This Court denied the motion.  ECF No. 172.  Nevertheless, the magistrate judge properly construed any disputed fact in plaintiff's favor.  ECF No. 177 at 6.  The Court likewise is construing all reasonably disputable facts in Mr. Collins' favor.  The Court also is mindful that, as a pro se litigant (albeit a veteran of pro se litigation), Mr. Collins' pleadings and other papers, including his objection to the magistrate judge's recommendation, must be construed liberally.  I am satisfied that his position on the relevant issues is known and has been fairly considered.

**CONCLUSIONS**

**I. MOTIONS FOR SUMMARY JUDGMENT.**

    **A. Previous settlements.**

    Like Judge Wang, I begin with the 2009 litigation and settlements. In January 2009 Mr. Collins sued Experian, Trans Union and Equifax in the Arapahoe County District Court. It was removed and became federal case No. 09-cv-00300-MSK-CBS. The case was settled, and as between Mr. Collins and the present defendants, the terms of settlement are set forth in written settlement agreements executed by Mr. Collins on May 28, 2009 (Trans Union) and August 4, 2009 (Experian).

    The Trans Union agreement, ECF No. 155-1, recites the parties' desire to resolve all disputes related to matters that occurred prior to the agreement and then sets forth the following pertinent terms:

- Mr. Collins received a confidential monetary payment and other consideration. *Id.* at ¶A.

- He agreed to "compromise, settle, fully release, and forever discharge" Trans Union "of and from any and all claims, demands, controversies, actions, or causes of action of whatever kind or character, whether known or unknown, which Plaintiff has held or may now or in the future hold for alleged damages or relief of any kind" against Trans Union "that may have arisen or exist based on action or inaction that has occurred as of the date of Plaintiff's execution of this Agreement." *Id.*

- Mr. Collins agreed that, "In making this Agreement, Plaintiff has not relied upon any statement or representation pertaining to this matter made by Defendant or its counsel." *Id.* at ¶J.

- He also represented that "he has carefully read the foregoing Agreement, has had the opportunity to consult with his attorney, knows the contents hereof, and has signed this Agreement of his own free act and for the purposes and consideration expressed herein." *Id.* at ¶K.

Similarly, the Experian agreement, ECF No. 150-1, recites the parties' desire to resolve all disputes relating to the matters involved in the lawsuit and then sets forth the following pertinent terms:

- Mr. Collins received a confidential monetary payment.  *Id.* at ¶6.

- Mr. Collins released Experian "from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature, known or unknown, now existing which are based directly or indirectly upon facts, events, transactions or occurrences related to, alleged, embraced by or otherwise referred to at any time" in the No. 09-cv-00300-MSK -CBS lawsuit.  *Id.* at ¶1.

- The parties agreed that they had read and understood the agreement, and that each of them received independent legal advice from their respective attorneys concerning the effect and import of the agreement.  *Id.* at ¶2.

- Mr. Collins acknowledged that he was entering into the settlement "freely and voluntarily."  *Id,* at ¶9.

- Mr. Collins and Experian acknowledged the Agreement "supersedes all prior agreements, negotiations, and discussions between the Parties, with respect to the subject matter covered hereby" and that "in entering into this Agreement, they are not relying upon any representation or warranties made by anyone other than those terms and provisions expressly set forth in this Agreement."  *Id.* at ¶10.

Judge Wang began with Mr. Collins' present argument that he was fraudulently induced to enter into those settlement agreements, specifically, that the defendants' lawyers misrepresented that the statute of limitations governing his FCRA claims had run, and that the defendants could not delete information on his credit disclosure prior to executing the settlement agreements. Her discussion of this issue illustrates her efforts to construe disputed or disputable facts in plaintiffs' favor. ECF No. 177 at 11-15. Nevertheless, she concluded that Mr. Collins' representations in the settlement agreements that he had not relied upon any statements or representations by the defendants or their counsel were fatal to his present attempt to disregard the settlements. *Id.* at 15-16. Although some of the release language in the agreements was cluttered by typical overkill, Mr. Collins' agreement that he had not relied on any statements of the defendants or their representatives is written in clear and specific language.

As Judge Wang noted, Mr. Collins testified in his deposition that he did not actually agree with those representations, and that he did not understand some of what he was signing, but he felt that he had no choice but to sign the agreements. *See* ECF No. 155-12, depo. at 84-85. That testimony too runs squarely with representations in the settlement agreements that he had read and understood the agreements, and that he was entering into them freely (and with an opportunity to consult with an attorney had he wished to do so).

I presume, and in any event will assume for present purposes, that defendants' counsel drafted the settlement agreements. But there is no evidence in the record, other than Mr. Collins' self-serving and conclusory deposition testimony, that suggests that there might be a genuine issue of material fact as to whether he was in some manner tricked or forced into settling on the agreed terms.

Because Mr. Collins did not respond to the summary judgment motions, I paid particular attention to his objections to the magistrate judge's recommendation to see whether there was any evidence, other than Mr. Collins' self-serving and conclusory allegations, that he was in some manner tricked or forced into settling on the agreed terms.  Indeed, Mr. Collins expressly recognized in his objections that this Court can receive further evidence in making its de novo review, ECF No. 217 (amended objections) at 5.  He states that at the time of his deposition he had no corroborating evidence because his computer had crashed.  *Id.* at 9.  However, he has since been able to retrieve the information, and he provides it as Exhibits 1, 2 and 3 to the original version of his objections.  ECF No. 211.  Exhibit 3 relates to Equifax and is irrelevant to the pending motions.  On my review I find that Exhibits 1 and 2 contain correspondence relating to settlement negotiations and copies of the two settlement agreements but nothing that in any way supports his claim of fraud in the inducement.  *See* ECF No. 211 (Exhibits 1, 2 and 3 to his pre-amendment version of his objections).[2]

In short, I conclude that the magistrate judge was absolutely correct in her conclusions regarding the effect of the 2009 settlement agreements.  There is no genuine dispute of material fact concerning the claim that Mr. Collins was fraudulently induced into signing them.  As a matter of law they are binding upon him.

**B.  <u>Fair Credit Reporting Act Claims</u>.**

First, I agree entirely with the magistrate judge's conclusion that the 2009 settlement agreements bar FCRA claims based on any conduct that occurred prior to Mr. Collins' execution of those agreement.  *See* ECF No. 177 at 17.  The magistrate judge alternatively concluded that

---

[2] Mr. Collins' first motion to exclude evidence, testimony and arguments argues that defendants concealed these emails that were exchanged during the 2009 settlement negotiations.  ECF No. 179 at 6. It turns out that he had them all along, but in any event, they are not supportive of his position in this case.

those claims would have been barred by the statute of limitations in any event. *Id.* at 18-21.  I need not reach or decide that issue, as the settlement agreements are enough.

The magistrate judge examined Trans Union's evidence as to four items in Mr. Collins' credit file that arose after the 2009 settlement.  Two of these were reports of court judgments which were corroborated by copies of the court records.  Another was a mortgage foreclosure which did in fact occur and which was upheld against a wrongful foreclosure suit filed by Mr. Collins.  The fourth was a report of a balance owed on an HSBC account which was confirmed by documents.  The magistrate judge found that "Trans Union has presented affirmative evidence that it accurately reported the two public documents and the [two] account, and that Plaintiff has failed to adduce any evidence to establish that there is a genuine issue of material fact." *Id.* at 25.  Mr. Collins did not provide any evidence regarding these accounts with his objections.  In fact, his objections did not address the magistrate judge's recommendation with respect to Tran Union's post-2009 conduct.  As such, a de novo review was unnecessary under Rule 72(b)(3).  Plainly, no error has been shown.

Experian also reported the two court judgments, accurately, and the magistrate judge for much the same reasons (and after describing the evidence of Experian's re-investigation of the accuracy of the reports) recommended that the post-2009 FCRA claims against Experian be dismissed. *Id.* at 25-28.  Once again, Mr. Collins did not object to that part of the recommendation.

### C.  **Common Law Negligence and Fraud Claims**.

These claims are simply alternative legal theories based upon the same conduct as the FCRA claims.  *See* ECF No. 84 at 15-18.  Those which arise from pre-settlement conduct are barred by the 2009 settlement agreements.  Plaintiff produced no evidence of post-settlement

negligence or fraud on the part of either Trans Union or Experian.  Accordingly, the magistrate

correctly concluded that those claims should be dismissed.  Mr. Collins notes the magistrate

judge's recommendation but provides no further support for the common law claims, instead

suggesting that summary disposition of these claims should be denied for the same reasons that

he has given with respect to the FCRA claims.  He is wrong.

### D. Colorado Consumer Protection Act.

The magistrate judge recommended that summary judgment should be granted with

respect to the Colorado Consumer Protection Act claim for several reasons.  ECF No. 177 at 28-

29.  I need address only one of them.  The CCPA regulates deceptive trade practices had may be

harmful to the public.  *See People ex rel. Dunbar v. Gym of America, Inc.,* 493 660, 667 (Colo.

1972).  To state a claim under the Act, a plaintiff must show, among other things, that the

deceptive practice "significantly impacts the public as actual or potential consumers of the

defendant's goods, services, or property."  *Hall v. Walter,* 969 P.2d 224, 235 (Colo. 1998).  In

determining whether a challenged practice significantly impacts the public, courts consider such

factors as "(1) the number of consumers directly affected by the challenged practice, (2) the

relative sophistication and bargaining power of the consumers affected by the challenged

practice, and (3) evidence that the challenged practice has previously impacted other consumers

or has the significant potential to do so in the future.  *Rhino Linings USA, Inc. v. Rocky Mountain

Rhino Lining, Inc.,* 62 P.3d 142, 149 (Colo. 2003).

Mr. Collins alleged that Trans Union and Experian have engaged in deceptive practices

that have had an adverse impact on his credit.  He has not alleged that defendants have engaged

in practices that impact others, nor certainly has he shown that there is a genuine issue of

material fact as to whether either defendant's conduct has had or has a significant potential in the

future to have an impact on other consumers. In his objections he disputes the magistrate judge's alternative conclusion that his CCPA claim is preempted by the FCRA – an issue I do not reach or decide – but he ignores the public impact issue. It is fatal to this claim.

**E. Conclusion.**

This Court concludes that the magistrate judge's recommendation on the motions for summary judgment was thorough, thoughtful and correct. Both motions are granted.

## II. TRANS UNION'S MOTION TO AMEND.

Trans Union moved to amend its answer to add a counterclaim against Mr. Collins. ECF No. 143. The gist of the proposed counterclaim is that Mr. Collins breached the settlement agreement by filing his claims against Trans Union in the present case, and that Trans Union is entitled to an award of attorney's fees under the FCRA, 15 U.S.C. § 1681n(c) and 1681o(b). *Id.* at 39-43. Judge Wang recommended that the motion be denied as moot, with leave to refile if any of the plaintiff's claims survive summary judgment. ECF No. 178. No objection has been filed. Plaintiff's claims have not survived summary judgment. The Court denies the motion to amend as moot.

## III. PLAINTIFF'S MOTIONS TO EXCLUDE EVIDENCE.

The magistrate judge issued her recommendation on the motions for summary judgment on June 10, 2015. On June 16, 2015, Mr. Collins filed two motions to exclude evidence, testimony, and arguments based upon non-compliance with disclosure and discovery rules. ECF Nos. 179 and 180. Both defendants' initial disclosures had been served in September 2014 and, as discussed below, were supplemented (not always sufficiently) from time to time. The discovery responses of which he complains were served on January 28, 2015 (Trans Union) and February 20, 2015 (Experian). Nevertheless, I have reviewed the motions, defendants'

responses, and plaintiff's combined reply to see whether they might have a bearing on the resolution of the motions for summary judgment. I find that they do not, and that the motions are moot.

### A. First Motion, ECF No. 179.

This motion is based in part on a failure to disclose certain emails exchanged during the 2009 settlement negotiations. The emails were in the possession of Mr. Collins and, in any event, are not material to the resolution of the summary judgment motions. *See supra* n. 2.

Mr. Collins also argues that both defendants failed to identify in their Rule 26 disclosures certain individuals who provided affidavits in support of their summary judgment motions. As to Trans Union these individuals are Marianne Litwa, Michelle Simms and Micky L. Colvin. Ms. Simms was listed in Trans Union's Second Supplemental Disclosures, served on Mr. Collins on January 30, 2015. ECF No. 207-2 at 20, 24. Ms. Colvin's employer, CFAM Financial Services, LLC, was listed in Trans Union's Third Supplemental Disclosures, served on February 27, 2015. *Id.* at 26, 3. Ms. Colvin was identified as the specific CFAM representative, and Ms. Litwa was first listed, in Trans Union's Fourth Supplemental Disclosures filed on July 2, 2015. *Id.* at 37, 40-41, 45.

I agree with Mr. Collins that Ms. Litwa, and arguably Ms. Colvin, were not timely listed in Rule 26 disclosures. Their affidavits were filed in support of Trans Union's motion for summary judgment more than two months before Trans Union's belated Fourth Supplemental Disclosures. Indeed, by that time the magistrate judge's recommendation to grant the motion for summary judgment had already been issued. However, I must also consider the substance of what those witnesses added to the summary judgment motion. Ms. Colvin, manager of the Legal Department of CFAM, provided copies of documents concerning Mr. Collins' outstanding

balance on an HBSC account (which CFAM had purchased).  *See* ECF No. 156-5.  Ms. Litwa, a

litigation support specialist for Trans Union, provided, among other things, information on the

four post-2009 accounts that Mr. Collins disputed.  ECF No. 156-2.  But, this is information that

was or should have been already known to Mr. Collins.  Moreover, its accuracy has not been

disputed, and as I have indicated, Mr. Collins did not object to the magistrate judge's

recommendation with respect to the post-2009 disputes. *See supra* at 8.

As for Experian, Mr. Collins argues that it failed to include Jason Scott and Kathleen

Centanni in its initial disclosures.  In fact, Experian did identify Mr. Scott in its initial

disclosures.  ECF No. 179-1 at 36.  However, it only listed Ms. Centanni in supplemental

disclosures served on June 16, 2015.  ECF No. 200-4.  Counsel explains that when the initial

disclosures were filed he anticipated relying only on Mr. Scott.  During the preparation of

Experian's summary judgment motion he realized that Ms. Centanni's knowledge of Experian's

relationship with LexisNexis would be helpful to explain how Experian reported two post-2009

Arapahoe County judgments against Mr. Collins.  The better practice would have been

immediately to supplement the initial disclosures.  However, as I have noted, the two judgments

were accurately reported, and Mr. Collins did not object to the magistrate judge's

recommendation with respect to them. *See supra* at 7-8.  Therefore, the failure to supplement the

initial disclosures to add Ms. Centanni did not impact the merits of the summary judgment

motion.

**B.  Second Motion, ECF No. 180.**

This motion concerns responses to written discovery.  I begin with Experian's discovery

responses, ECF No. 180-1 at 1-55.  Although neither party has filed the complete responses, I

can tell from what has been filed that counsel employed a practice that is all too often used by

counsel in civil litigation these days. First, counsel announces so-called "general objections and limitations;" then, in response to each question, counsel refers back to the "general objections" and asserts additional, often bogus, objections; and finally, counsel provides answers, which may or may not be complete and responsive. If, as Mr. Collins argues, Experian's interrogatory answers were signed only by its outside counsel, then that too was improper. Had Mr. Collins contemporaneously objected, I would have stricken the entire response and ordered a redo.

Likewise, Trans Union's response to written discovery reflects the same practice of general objections followed by objections to every question before answering them. *Id.* at 56-95; ECF No. 207-3 at 2-60. No wonder young lawyers who are sent to their computers to churn out this stuff burn out.

At the same time, Mr. Collins appears to have followed the equally inappropriate practice of starting his discovery with a broad set of "Instructions" and "Definitions," perhaps indicating that he has adopted the bad practices of lawyers with whom he has litigated. This distortion of the discovery process increases the cost of civil litigation and perpetuates itself as young lawyers (and pro se litigants) copy what they have seen. It is the type of thing for which 28 U.S.C. § 1927 was enacted.

The problem is, Mr. Collins has not shown how defendants' inadequate responses to his discovery might have affected the magistrate judge's or this Court's analysis of defendants' summary judgment motions. When all the dust settles, Mr. Collins' claims based on pre-2009 conduct are barred by the terms of the settlement agreements. And, as I noted above, he did not object to the magistrate judge's recommendation regarding conduct that occurred after the 2009 settlements. Moreover, he has not come forward with any evidence indicating that his post-2009 accounts might have been improperly handled in any way. In short, his discovery objections

come too late to accomplish anything of benefit to his case.  The Court will not impose discovery sanctions just for the sake of vindicating the discovery rules if nothing else will be accomplished.

## ORDER

1.  Trans Union's motion to amend, ECF No. 143, is DENIED AS MOOT.

2.  Experian's motion for summary judgment, ECF No. 151, is GRANTED.  Judgment will enter in favor of Experian Information Solutions, Inc. and against Michael A. Collins, dismissing plaintiff's claims against Experian with prejudice.

3.  Trans Union's motion for summary judgment, ECF No. 156, is GRANTED. Judgment will enter in favor of Trans Union, LLC and against Michael A. Collins, dismissing plaintiff's claims against Trans Union with prejudice.

4.  The Recommendation of Magistrate Judge Wang, ECF No. 177, is accepted and adopted.

5.  The Recommendation of Magistrate Judge Wang, ECF No. 178, is accepted and adopted.

6.  Plaintiff's first and second motions to exclude evidence, testimony and arguments, ECF Nos. 179 and 180, are denied as moot.

7.  Defendants are awarded their reasonable costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 3rd day of August, 2015.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge